UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOSHUA R. SAPP and JESSICA ALICIA SAPP,<br><br>Plaintiffs,<br><br>v.<br><br>KEL-TEC CNC INDUSTRIES, INC., ARMSCOR PRECISION INTERNATIONAL and FICTITIOUS DEFENDANTS 1-4,<br><br>Defendant. | Civil Action File No. 7:25-CV-00078-WLS<br>TRIAL BY JURY DEMANDED |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY ORDERED by the Court AND STIPULATED AND AGREED by and among the parties to this action, Plaintiffs Gregory Joshua R. Sapp and Jessica Alicia Sapp (hereinafter "Plaintiffs"); Defendant Kel-Tec CNC Industries, Inc., and Defendant Armscor Precision International (hereinafter jointly "Defendants"); and their undersigned counsel, as follows:

### DEFINITIONS

1.  The following definitions shall apply to this Protective Order:

    a.  The term "Confidential Information" or "Protected Material" as used in this Protective Order shall mean all materials and copies, transcriptions, or other reproductions of materials that are produced or have been previously produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, or by order of this Court, or otherwise, and which in good faith a party

165420822.3 1

      reasonably believes contains (i) trade secrets, (ii) proprietary or confidential business information, (iii) competitively sensitive information, (iv) other information the disclosure of which would, in the good faith judgment of the Designating Party or Producing Party (as hereinafter defined), be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or information or (v) information subject to any applicable data privacy statutes and regulations (*e.g.*, the Health Insurance Portability and Accountability Act and similar statutes and regulations).

  b. The term "Designating Party" or "Producing Party" shall mean the party producing or designating information as Confidential Information under this Protective Order.

  c. The term "Receiving Party" shall mean the party to whom Confidential Information is produced under this Protective Order.

## GOOD CAUSE STATEMENT

2.    This action is likely to involve information subject to data privacy statutes and regulations (e.g., the Health Insurance Portability and Accountability Act ("HIPAA") and similar statutes and regulations), trade secrets, and other confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the

parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. The party seeking to designate materials as "confidential" under this Protective Order has the burden of demonstrating that such materials contain confidential information. Prior to making a designation, the party seeking protection must make a bona fide, good faith determination that the materials, in fact, contain material legally entitled to protection. Confidential discovery material does not include: a) published advertising material; b) materials that on their face show that they have been published to the general public; c) any information that defendants make generally available to the public. The parties agree to take reasonable efforts to avoid the over-designation of Materials as "Confidential" when such designation is inappropriate and only where a good faith basis exists for designating such Materials as confidential or of a proprietary nature or subject to confidentiality pursuant to statute, regulation or other applicable law.

## SCOPE

4. The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined in Paragraph 1(a)), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## **DESIGNATION OF CONFIDENTIAL INFORMATION**

5.    Each Designating Party who produces or discloses Confidential Information shall designate it as such. When documents or things are produced for inspection and production, the documents or things may be designated as "CONFIDENTIAL" by so stamping the first page of each such document, and such documents or things shall be treated as Confidential Information under this Protective Order.

6.    A party shall not routinely designate material as "Confidential Information" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

7.    All parties to the above-styled action recognize that during the course of this litigation, Confidential Information that originated with or which is maintained by a third-party may be produced. Such information may be designated as "CONFIDENTIAL" by so stamping the first page of each such document and, in such event, shall be subject to the restrictions of this Protective Order. If any Confidential Information is produced by a third-party, Plaintiffs and/or Defendants shall have the right to designate such Confidential Information as "CONFIDENTIAL."

8.    Counsel for a party to this action may challenge the "CONFIDENTIAL" designation made by the Producing Party by first requesting a "meet and confer" with the Producing Party in an attempt to amicably resolve the challenge. In the event agreement cannot be reached, the challenging party may make written application to this Court, which application shall describe with specificity the particular materials for which the designation is being challenged, it being agreed that the party seeking to maintain the Confidential Information as "CONFIDENTIAL" will bear the burden of proof as to such designation. The Producing Party may, within ten (10) business days from the date of filing of the challenging party's written

application to the Court, file a response to the challenge. Otherwise, the Producing Party waives the right to contest the challenge. The Confidential Information designated "CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

9. If a Party designates Confidential Information and produces it pursuant to the terms of this Protective Order, that Party shall in no way be deemed to have made an admission regarding the relevancy or admissibility of the Confidential Information or Document containing it or of any similar Document, and all such evidentiary objections concerning the Document are preserved.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

10. Confidential Information may only be disclosed to the following persons:

   a. Plaintiffs, Defendants, and their counsel, along with all regular employees of such counsel (*e.g.*, paralegals, legal assistants);

   b. Testifying experts and non-testifying consultants for the parties in this action, and employees of such experts and consultants, so long as the person to whom disclosure has been made has executed an Affidavit in the form attached hereto as Exhibit A. A copy of each executed Affidavit in the form attached hereto as Exhibit A shall be maintained by counsel for Plaintiffs or Defendants, respectively;

   c. Witnesses or deponents, as well as their counsel, for use in connection with either preparing to testify or testifying in connection with this action;

   d. The Court, including its employees or staff; and/or

   e. Court reporters and videographers employed in connection with this action.

11. Except as provided in this Protective Order, Confidential Information shall not, without leave of this Court, be disclosed to any other person or entity.

## USE AND CONTROL OF CONFIDENTIAL INFORMATION

12. Protected Material designated "CONFIDENTIAL" shall be used for purposes of this action only and for no other action or purpose whatsoever and shall not, without leave of this Court, be disclosed to any person or entity other than as provided in this Protective Order.

13. Counsel for any party in this action may make copies of Confidential Information produced pursuant to this Protective Order; provided, however, the documents and copies thereof may not be disseminated except as provided in this Protective Order.

14. No person entitled to use or access Confidential Information pursuant to this Protective Order shall distribute, sell, offer for sale, advertise or publicize Confidential Information. Nothing in this Paragraph shall prohibit persons from referring to the existence of this Protective Order.

15. Any person or party in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure the confidential nature is maintained.

16. In the event Confidential Information is to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in Paragraph 6 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of the Confidential Information occurs that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

17. All portions of any deposition transcript taken in this action wherein Confidential Information is identified, discussed, or disclosed, shall also be designated as "CONFIDENTIAL" within thirty (30) days of the receipt of the final version of the deposition transcript, and shall be subject to the terms of this Protective Order. The parties may not categorically designate a

deposition transcript as "CONFIDENTIAL" but rather must, in good faith, specifically identify the portions of the transcript that are confidential or which involve identification of or testimony concerning materials subject to protection under this Order. Such designation must be made within thirty (30) days of receipt of the final, official transcript.

18. Filing. If a Party wishes to file or disclose Confidential Information, other than its own Confidential Information, in connection with a pleading, motion, or brief, it shall provide sufficient advance notice (and in any event no fewer than 24 hours before filing) to the Producing Party to enable the Party wishing to file or disclose, and the Producing Party, to engage in good faith negotiations to determine whether the Confidential Information can be de-designated. To the extent the Producing Party does not agree to de-designate any such Confidential Information, the Party wishing to file or disclose the Confidential Information (other than its own Confidential Information), shall do so only under provisional seal in accordance with the Federal Rules of Civil Procedure. Such Confidential Information shall be electronically filed as a sealed document separately from the underlying pleading, motion, or brief as contemplated by the applicable rules or this Court's order. The public version of the underlying pleading, motion, or brief shall be as complete as possible without disclosing or revealing the Confidential Information. Upon the filing of a provisionally sealed document, the Producing Party shall have 14 calendar days to file a motion to maintain the provisionally sealed Confidential Information under seal. Nothing herein prevents a Party from filing its own Confidential Information on the Court's docket and not under seal.

19. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing

Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

## INADVERTENT DISCLOSURE OF
## CONFIDENTIAL OR PRIVILEGED INFORMATION

20. The inadvertent or *in camera* disclosure of Confidential Information without the accompanying designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of any party's claim(s) of confidentiality. In the event that any party to the above-styled action discovers that Confidential Information has been inadvertently produced without being appropriately designated as CONFIDENTIAL, that Producing Party may notify the Receiving Parties and enclose with the notice an appropriately stamped copy of the Confidential Information. The Receiving Parties shall retrieve and return and/or destroy any and all un-stamped copies of such material. Upon receipt of the notification from the Producing Party, the Receiving Parties shall not disclose the materials to any person who is not specifically permitted to review Confidential Information by the terms of this Protective Order.

21. The inadvertent production of documents that are subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery ("Inadvertent Disclosure"), shall not constitute a waiver of the protection, immunity or privilege. The party discovering the Inadvertent Disclosure shall notify in writing all Receiving Parties of the Inadvertent Disclosure within ten (10) business days of discovery. The Receiving Parties in possession of the Inadvertent Disclosure shall return them to the Producing Party, including any copies of the Inadvertent Disclosure (except that copies bearing handwritten or other notations made by the recipient, or work product reflecting the content of such materials, may be destroyed). Alternatively, upon request of the Producing Party, the Inadvertent Disclosure may be destroyed. In either event, the Inadvertent Disclosure shall be deleted from any litigation support

or other database. If, before being notified of the claim of protection or privilege, a Receiving Party has already disclosed the Inadvertent Disclosure to others, the Receiving Party must take reasonable steps to retrieve the information or ensure that those to whom the information was disclosed, promptly destroy the Inadvertent Disclosure and any copies.

22. If, however, a Receiving Party of the Inadvertent Disclosure believes that the Inadvertent Disclosure is not subject to protection under this Protective Order or under the claimed privilege or doctrine, that party shall inform counsel for the Producing Party in writing of said challenge within five (5) business days of being notified of the inadvertent production. The parties shall within five (5) business days of the notification of the challenge participate in a "meet and confer" in an attempt to amicably resolve the challenge. If, after conferring, the parties cannot resolve the dispute, the party challenging the claimed privilege may, within ten (10) business days from the "meet and confer," file a motion to compel or other appropriate discovery motion with the Court and request of the Court an *in camera* review of the Inadvertent Disclosure in question. The Inadvertent Disclosure shall not be disseminated, published in any way, or used for any purpose in this litigation, including during depositions or at hearing or trial, other than to determine the validity of the claim of privilege or protection, unless the Receiving Party applies for, and later obtains, a Court order determining that the materials are not, in fact, privileged or protected as claimed.

23. A party who discovers that it has received obviously privileged or protected documents produced by another party in an electronically-stored database shall: (i) assume that the documents were inadvertently produced; (ii) refrain from further examining the materials (iii) notify counsel for the producing party; and (iv) comply with the instructions of counsel for the producing party with respect to the return, destruction, or other disposal of the documents. The

term "obviously privileged" as used herein is not intended to impose any obligation on any party to discover or realize that a document is privileged.

## DURATION OF ORDER; SCOPE; MODIFICATIONS

24. This Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

25. Within thirty (30) days after final adjudication of this action, counsel then having possession, custody or control of such materials, transcripts, or other things designated "CONFIDENTIAL" shall verify the complete destruction or return to counsel for the Producing Party of all such materials by sending a letter to counsel for Producing Party confirming the complete destruction of Confidential Information or enclosing the same.

26. Nothing in this Protective Order shall be construed to preclude the Producing Party from seeking additional protection for Confidential Information or the contents of Confidential Information designated as "CONFIDENTIAL." Nothing in this Protective Order shall be construed to preclude any party from seeking a modification of this Protective Order.

27. On the date upon which this Court enters this Protective Order, this Protective Order shall become effective and binding upon each of the parties to this action and each of their counsel.

28. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

29.     This Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

## OTHER REMEDIES

30.     Nothing contained in this Protective Order shall prevent any party or non-party from seeking additional relief from the Court, including (but not limited to) amendments broadening or restricting the rights of access to and the use of Confidential Information, or contesting the designation of a confidential document or qualified persons.

31.     Any party may petition the Court for relief as it sees fit concerning a violation of this Protective Order.

It is so ORDERED this 6th day of November, 2025.

_____
Hon. W. Louis Sands

Respectfully submitted this 3rd day of November, 2025.


*s/ Jessica C. Odom*
Jessica C. Odom, Esq.
James R. Doyle, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
600 Peachtree St. Suite 4700
Atlanta, GA 30308
Jessica.odom@lewisbrisbois.com
James.doyle@lewisbrisbois.com

*Attorneys for Armscor Precision Internationl*

*s/ David D. Hayes*
David D. Hayes, Esq.
Tyler D. Jones, Esq.
BENDIN SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street, NE Suite 800
Atlanta, GA 30309
dhayes@bsllaw.net
tjones@bsllaw.net

*s/Christopher Renzulli*
Christopher Renzulli, Esq.
Patrick W. McDonald, Esq.
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
crenzulli@renzullilaw.com
pmcdonald@renzullilaw.com

*Attorneys for Defendant Kel-Tec CNC Industries, Inc.*

*s/ C. Brian Jarrard*
C. Brian Jarrard, Esq.
John J. Makowski, Esq.
JARRARD LAW GROUP, PC
4108 Arkwright Road, Suite 2
Macon, GA 31210
brian@jarrardlawgroup.com
john@jarrardlawgroup.com
*s/Sam D. Dennis*
SAM D. DENNIS, P.C.

165420822.3  12

1107 North Patterson Street
P.O Box 1865
Valdosta, GA 31603
sam@samdennislaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOSHUA R. SAPP and JESSICA ALICIA SAPP,<br><br>Plaintiffs,<br><br>v.<br><br>KEL-TEC CNC INDUSTRIES, INC., ARMSCOR PRECISION INTERNATIONAL and FICTITIOUS DEFENDANTS 1-4,<br><br>Defendant. | Civil Action File No.: 7:25-CV-00078-WLS<br><br>TRIAL BY JURY DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Parties' *JOINT PROPOSED STIPULATION AND PROTECTIVE ORDER* using the CM-ECF system, which will generate an electronic notification to all counsel of record as follows:

C. Brian Jarrard
John J. Makowski
Jarrard Law Group, LLC
4108 Arkwright Road, Suite 2
Macon, GA 31210
brian@jarrardlawgroup.com
john@jarrardlawgroup.com
john@jmaklaw.com

Sam. D. Dennis, Esq.
SAM D. DENNIS, P.C.
1107 North Patterson Street
P.O. Box 1865
Valdosta, GA 31603-1865
sam@samdennislaw.com

*Attorneys for Plaintiffs*

165420822.3 14

David V. Hayes, Esq. Tyler D. Jones, Esq.
BENDIN, SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street, NE Suite 800 Atlanta, GA 30309
dhayes@bsllaw.net
tjones@bsllaw.net

Christopher Renzulli, Esq.
Patrick W. McDonald, Esq.
RENZULLI LAW FIRM
One North Broadway, Suite 1005 White Plains, NY 10601
(914) 285-0700
crenzulli@renzullilaw.com
pmcdonald@renzullilaw.com

*Attorneys for Defendant
Kel-Tec CNC Industries, Inc.*

This 3rd day of November, 2025.

| | |
|---|---|
| **LEWIS BRISBOIS BISGAARD** | */s/ Jessica Cabral Odom* |
| **& SMITH LLP** | JAMES R. DOYLE |
| 600 Peachtree Street, Suite 4700 | Georgia Bar No. 228495 |
| Atlanta, Georgia 30308 | JESSICA CABRAL ODOM |
| (404) 348-8585 | Georgia Bar No. 140935 |
| (404) 467-8845 Facsimile | |
| James.Doyle@lewisbrisbois.com | *Counsel for Armscor Precision International* |
| Jessica.Odom@lewisbrisbois.com | |

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| JOSHUA R. SAPP and JESSICA ALICIA SAPP,<br><br>            Plaintiffs,<br><br>v.<br><br>KEL-TEC CNC INDUSTRIES, INC., ARMSCOR PRECISION INTERNATIONAL and FICTITIOUS DEFENDANTS 1-4,<br><br>            Defendant. | Civil Action File No. 7:25-CV-00078-WLS<br>TRIAL BY JURY DEMANDED |

STATE OF _____ )
                                    ) ss:
COUNTY OF _____ )

        Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, states as follows:

        1.     My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

        2.     I am aware that a Protective Order has been entered in *Joshua R. Sapp and Jessica Alicia Sapp v. Kel-Tec CNC Industries, Inc.,, et. al*. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

        3.     By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order for the

purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner

contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

The foregoing instrument was sworn to before me this _____ day of _____,

202__ by Affiant _____. Such person did take

an oath and: *(notary must check applicable box)*

    ☐    is/are personally known to me.
    ☐    produced a current driver's license as identification
    ☐    produced _____ as identification.

{Notary Seal must be affixed}

_____
Signature of Notary

_____
Name of Notary (Typed, Printed or Stamped)
Commission Number (if not legible on stamp)_____
My Commission Expires (if not legible on stamp)_____

165420822.3  19